UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re: | ) |
| | ) Case No. 10-32146 |
| LANE PUNCH CORPORATION, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
LANE PUNCH CORPORATION TO RETAIN
AND EMPLOY BUTLER RUBIN SALTARELLI & BOYD LLP
PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE
<u>EFFECTIVE AS OF SEPTEMBER 3, 2010</u>**

The Official Committee of Unsecured Creditors (the "Committee") of Lane Punch Corporation ("Debtor"), respectfully submits this application (the "Application"), pursuant to §§ 1103(a) and 328(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Committee to retain and employ Butler Rubin Saltarelli & Boyd LLP ("Butler Rubin") as its lead counsel in connection with the Debtor's Chapter 11 case, effective as of to September 3, 2010 ("Retention Date"). In support of the Application, the Committee submits the affidavit of Neal L. Wolf, a partner of the Butler Rubin firm (the "Wolf Affidavit"), which is attached hereto as Exhibit A and incorporated by reference. In further support of the Application, the Committee respectfully represents as follows:

### <u>JURISDICTION</u>

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this application is

proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein are § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On July 27, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division (the "Court").

3. The Debtor is operating its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. On August 24, 2010, pursuant to § 1102 of the Bankruptcy Code, the United States Bankruptcy Administrator for the Western District of North Carolina appointed the Committee. The Committee currently consists of four members.[1] On September 3, 2010, pursuant to § 1103(a) of the Bankruptcy Code, the Committee selected Butler Rubin to serve as lead counsel to the Committee.

5. Pursuant to §§ 328(a) and 1103(a) of the Bankruptcy Code, the Committee seeks to employ Butler Rubin as its lead counsel, effective as of September 3, 2010, in connection with the Debtor's Chapter 11 case.

## RETENTION OF BUTLER RUBIN SALTARELLI & BOYD LLP

6. The Committee has selected Butler Rubin as its lead counsel because of Butler Rubin's expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, debt restructuring and corporate reorganizations, among others. Accordingly, the Committee believes that Butler Rubin has the resources and experience necessary to represent it in this Chapter 11 case.

---

[1] The Committee is comprised of the following: Patrick M. Manick, Diversified Tool & Engineering; Joseph Wakeling, OH&R Special Steels; Dr. Haisan Liu, US-China Assets Management USA, LLC on behalf of GMT Global Inc.; and Li Peng/Hiro Morikubo, Punch Industry (Dalian) Co., Ltd. (Doc. No. 27).

7. Attorneys at Butler Rubin have become familiar with the Debtor's business affairs and capital structure. Accordingly, Butler Rubin has the necessary background to deal effectively with the legal issues that may arise in the context of a bankruptcy case. Thus, in order to maximize the value of the Debtor's estate and because of Butler Rubin's recognized expertise in bankruptcy law, the Committee desires that Butler Rubin represent it.

### SERVICES TO BE PROVIDED BY BUTLER RUBIN

8. The Committee anticipates that Butler Rubin will provide it with legal services as needed, including, but not limited to, the following:

   a. advise the Committee with respect to its rights, duties and powers in this Chapter 11 case;

   b. assist and advise the Committee in its consultation with the Debtor relative to the administration of its Chapter 11 case;

   c. assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with holders of claims and equity interests;

   d. assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operation of the Debtor's business;

   e. assist the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing or other transactions and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

   f. assist and advise the Committee as to its communications to the general creditor body regarding significant matters in this Chapter 11 case;

   g. represent the Committee at all hearings and other proceedings;

h. review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee with respect to any legislative, regulatory or governmental activities;

i. assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

j. assist the Committee in its review and analysis of all of the Debtor's various commercial agreements;

k. prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with any matter related to the Debtor or this Chapter 11 case;

l. advising the Committee on the issues concerning whether the appointment of a trustee or examiner under Section 1104 is required;

m. assisting, advising and representing the Committee in the evaluation of claims on any litigation matters, including avoidance actions; and

n. perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

9. The Committee believes that Butler Rubin possesses extensive knowledge and expertise in the areas of law relevant to this Chapter 11 case, and that Butler Rubin is well qualified to represent the Committee in this Chapter 11 case. Butler Rubin has extensive experience in representing debtors, creditors' committees, and other parties in interest in Chapter 11 cases in many jurisdictions.

10. To the best of the Committee's knowledge, and based upon the Wolf Affidavit attached hereto, neither Butler Rubin nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Wolf Affidavit. Butler Rubin

reserves the right to amend, modify or supplement the Application or the Affidavit to reflect any additional disclosure by the Debtor of names and interest of creditors and parties in interest after the date of this Application.

11. Neither Butler Rubin nor any of its members hold any equity interest in the Debtor or in any member of the Committee.

12. To the best of the Committee's knowledge, except as provided in the Wolf Affidavit, neither Butler Rubin nor any of its attorneys represent any interest adverse to the Committee in the matters on which they are to be retained, and Butler Rubin's attorneys are disinterested persons under §101(14), as modified by § 1103, of the Bankruptcy Code, and that Butler Rubin is eligible for employment by the Committee pursuant to §§ 328 and 1103 of the Bankruptcy Code and applicable Bankruptcy Rules.

13. The Committee has been advised by Butler Rubin that Butler Rubin's compensation would be based on its customary rates generally applicable to its clients and its compensation will be at the expense of the estate, and that billing statements will be furnished to the Committee on a monthly basis. For purposes of this case, Butler Rubin has agreed to a reduction of fifteen percent (15%) to the effective standard hourly rates of its attorneys and paralegals. The Committee is informed that the standard hourly rates of BRSB are subject to increase from time to time, and such 15% reduction will apply to any such increased rates through the duration of the bankruptcy case. The Committee is informed that subject to Court approval and in accordance with § 330 of the Bankruptcy Code, compensation will be payable to Butler Rubin on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Butler Rubin. However, Butler Rubin will not charge for travel time unless such time is used for working on matters for this case.

14. The Committee is informed that the attorneys and paralegals presently designated to be primarily responsible for representing the Committee, and their current standard hourly rates, include the following:

| Name | Title | Current Rate | Rate Less 15% |
|---|---|---|---|
| Neal L. Wolf | Partner | $695 | $591 |
| Gerald F. Munitz | Of Counsel | $695 | $591 |
| Cheryl Tama Oblander | Partner | $515 | $438 |
| Vincent Tennerrelli | Associate | $265 | $225 |
| Laura Spencer | Paralegal | $185 | $157 |

15. The Committee is informed that other attorneys and paralegals will be involved as necessary and appropriate to represent the Committee, and Butler Rubin's hourly rate for other attorneys and professionals are as follows: VERIFY

| Billing Category | Range | Range Less 15% |
|---|---|---|
| Partners | $390-720 | $331-612 |
| Of Counsel | $435-695 | $370-591 |
| Associates | $265-355 | $225-302 |
| Paraprofessionals | $125-200 | $106-170 |

16. The Committee is informed and believes that the hourly rates shown are consistent with the rates charged by Butler Rubin in bankruptcy and non-bankruptcy matters of this type and are reasonable.

17. The Committee has been advised that it is Butler Rubin's policy to charge its clients for certain other expenses incurred in connection with the client's case. Such expenses include, without limitation, photocopying, expert witness fees, travel expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, expenses for working meals and telecopier charges. The firm will charge for these

{00182754 v 1}                                    6

expenses in a manner and at rates consistent with charges made generally to the firm's other clients, subject to the Local Rules of this Court. For purposes of this case, Butler Rubin has agreed not to charge for expenses associated with travel to and from North Carolina, including airline flights, meals and lodging.

18. Butler Rubin has not received any payments regarding its professional services or expenses related to Butler Rubin's representation of the Committee in this Chapter 11 case.

19. The Committee believes that the employment of Butler Rubin to perform the services described herein as may be required by the Committee is necessary and in the best interest of the Debtor and the Debtor's estate.

20. The Committee will also employ the law firm of Rayburn Cooper & Durham, P.A. ("Rayburn Cooper") as its local counsel. The Committee's application to employ Rayburn Cooper will be filed separately. The Committee is informed and believes that the firms of Butler Rubin and Rayburn Cooper will perform their respective services with nominal duplication of effort.

## NOTICE AND NO PRIOR APPLICATION

21. Notice of this Application has been provided to (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) the Chairperson of the Committee (d) all other persons who have requested notice prior to the date of this Application, and (e) all required to receive service under Bankruptcy Rule 2002. The Committee respectfully submits that, given the administrative nature of the relief requested, no other notice of the relief requested herein need to be given.

22. No previous application for the relief sought herein has been made to this or any other Court.

23. Attached to this Application as Exhibit B is a proposed Order authorizing the employment of Butler Rubin.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit B, granting the Application in all respects, and grant such other and further relief as it deems just and proper.

Dated: September ___, 2010

                         **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LANE PUNCH CORPORATION**

                         By: _____
                               Joseph Wakeling, solely in his capacity
                               as Chair of the Committee and not in his
                               individual capacity

465796v3

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In re:                                              )
                                                    ) Case No. 10-32146
LANE PUNCH CORPORATION,                             )
                                                    ) Chapter 11
            Debtor.                                 )
                                                    )

**AFFIDAVIT OF NEAL L. WOLF IN SUPPORT OF AN APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF BUTLER RUBIN SALTARELLI & BOYD LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREITORS OF LANE PUNCH CORPORATION, EFFECTIVE AS OF TO SEPTEMBER 3, 2010**

NEAL L. WOLF hereby declares:

1. I am a partner in the law firm of Butler Rubin Saltarelli & Boyd LLP ("Butler Rubin"), which maintains offices for the practice of law at 70 West Madison Street, Suite 1800, Chicago, Illinois 60602. I am duly admitted to practice law in the states of Illinois and California, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit. I am authorized to submit this affidavit pursuant to 11 U.S.C. § 1103(b) and the Federal Rule of Bankruptcy Procedure 2014 in support of the Application of the Official Committee of Unsecured Creditors (the "Committee") of Lane Punch Corporation ("Debtor") for an Order Authorizing the Employment and Retention of Butler Rubin as Counsel (the "Application").

2. I am familiar with the matters set forth herein and make this declaration in support of the Application.

3. On August 24, 2010, the United States Bankruptcy Administrator for the Western District of North Carolina appointed the Official Committee of Unsecured Creditors. (Docket No. 27). On September 3, 2010, the Committee selected Butler Rubin to serve as counsel to the

{00182754 v 1}

Case 10-32146 Doc 48 Filed 09/20/10 Entered 09/20/10 15:51:33 Desc Main
Document Page 10 of 16

Committee.

4. In connection with its proposed retention by the Committee in these cases, Butler Rubin researched its client database to determine whether it has any relationship with any of the Debtor, the Debtor's secured creditors, the Debtor's officers and directors, unsecured creditors, shareholders, professionals, vendors and customers and any other party-in-interest. Butler Rubin will supplement this Affidavit as appropriate in the event that additional creditors, equity holders or parties-in-interest are identified in this case.

5. Butler Rubin and its partners, counsel and associates:

   (a) Are not creditors, equity security holders or insiders of the Debtor;

   (b) Are not and were not investment bankers for any outstanding security of the Debtor;

   (c) Have not been, within three (3) years before the date of the filing of the Debtor's Chapter 11 petitions, (i) investment bankers for a security of the Debtor or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security for the Debtor; and

   (d) Are not and were not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor's or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

6. Insofar as I have been able to ascertain to this point, the partners, counsel, and associates of Butler Rubin do not have any connection with (i) the Debtor; (ii) the Debtor's officers and directors; (iii) the Debtor's creditors; (iv) equity security holders and other known parties-in-interest or their respective attorneys and accountants, or the members of the Committee, except for the following:

   a. Prior to the filing of the bankruptcy petitions, Butler Rubin provided legal services either directly or indirectly to Hardinge Inc. a creditor the Debtor herein on matters unrelated to the Debtor or its claim in the case. Butler Rubin is not providing services post-filing to Hardinge Inc. regarding the Debtor.

{00182754 v 1}                              2

b. I, my law firm, its members, and associates: (i) may have appeared in the past, and may appear in the future, in matters, cases or controversies where one or more of the parties-in-interest of the Debtor may be involved; (ii) may have represented certain of the Debtor's creditors in matters unrelated to these cases or to the Committee; and (iii) may have, directly or indirectly, investments in publicly held business entities which may include various parties in interest.

7. Butler Rubin will supplement this Declaration as appropriate should its search or further disclosures by the Debtor reveal any additional information.

8. Butler Rubin intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Court's local rules, and orders of the Court entered in this case concerning the compensation of professionals, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm. Statements will be compiled on a monthly basis. Butler Rubin's compensation would be based on its customary rates generally applicable to its clients and its compensation will be at the expense of the estate, and that billing statements will be furnished to the Committee on a monthly basis. For purposes of this case, Butler Rubin has agreed to a reduction of fifteen percent (15%) to the effective standard hourly rates of its attorneys and paralegals. The standard hourly rates of BRSB are subject to increase from time to time, and such 15% reduction will apply to any such increased rates through the duration of the bankruptcy case. However, Butler Rubin will not charge for travel time unless such time is used for working on matters for this case.

9. The attorneys primarily responsible for representing the Committee, and their

{00182754 v 1}  3

current standard hourly rates, are:

| Name | Title | Current Rate | Rate Less 15% |
|---|---|---|---|
| Neal L. Wolf | Partner | $695 | $591 |
| Gerald F. Munitz | Of Counsel | $695 | $591 |
| Cheryl Tama Oblander | Partner | $515 | $438 |
| Vincent Tennerelli | Associate | $265 | $225 |
| Laura Spenser | Paralegal | $185 | $157 |

10. Other attorneys, paraprofessionals, and case management clerks will be involved in representing the Committee, and the range of hourly rates for such the Committee, and the range of hourly rates for such professionals are:

| Billing Category | Range | Range Less 15% |
|---|---|---|
| Partners | $390-720 | $331-612 |
| Of Counsel | $435-695 | $370-591 |
| Associates | $265-355 | $225-302 |
| Paraprofessionals | $125-200 | $106-170 |

11. It is Butler Rubin's policy to charge its clients for certain other expenses in connection with the client's case. These include, without limitation, photocopying, expert witness fees, travel expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, expenses for working meals and telecopier charges. The firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients, subject to the Local Rules of this Court. For purposes of this case, Butler Rubin has agreed not to charge the Committee for expenses associated with travel to and from North Carolina, including airline

flights, meals and lodging.

12. No promises have been received by Butler Rubin nor any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

13. Neither I, Butler Rubin, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Committee or the Debtor in the matters upon which Butler Rubin is to be engaged.

14. Butler Rubin does not hold an interest materially adverse to the interest of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14), or for any other reason.

15. Butler Rubin does not currently represent the Debtor and Butler Rubin will not undertake the representation of the Debtor during this engagement. Moreover, except as set forth herein, Butler Rubin will not undertake the representation of any party other than the Committee in connection with the Debtor's Chapter 11 case.

16. Based on information available to me, I believe that Butler Rubin is a "disinterested person" within the meaning of title 11 of the United States Code (the "Bankruptcy Code"), in respect of the matters upon which Butler Rubin is to be engaged in this Chapter 11 case.

17. Butler Rubin may have in the past represented and/or currently represent and may in the future represent (in matters wholly unrelated to the Debtor's Chapter 11 case) other entities not currently known to Butler Rubin who may be creditors or parties-in-interest in the Debtor's Chapter 11 case. To the extent that Butler Rubin discovers any such information,

Butler Rubin will promptly disclose such information to the Court, the Committee, the Debtor and the United States Bankruptcy Administrator by filing a supplemental declaration on the electronic docket.

18. Butler Rubin is willing to be retained by the Committee as its counsel and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Western District of North Carolina and any orders of this Court.

19. No agreement exists, nor will any be made, to share any compensation received by Butler Rubin for its services with any other person or firm.

## VERIFICATION

20. I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals in the firm.

21. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

Executed on September 20, 2010

*[signature]*
Neal L. Wolf

SUBSCRIBED and SWORN TO
Before me this 20th day of September, 2010

*[signature]*
Notary Public
My commission expires 7/21/14
465799v2

OFFICIAL SEAL
LAURA L SPENCER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 7/21/14

{00182754 v 1}                    6

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re: | ) |
| | ) Case No. 10-32146 |
| LANE PUNCH CORPORATION, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

## ORDER APPROVING RETENTION AND EMPLOYMENT
## OF BUTLER RUBIN SALTARELLI BOYD LLP AS
## COUNSEL FOR CREDITORS' COMMITTEE

Upon the application ("Application"), of the Official Committee of Unsecured Creditors of Lane Punch Corporation ("Committee") for an order under Sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the Committee's retention of Butler Rubin Saltarelli & Boyd LLP ("Butler Rubin") as lead counsel in accordance with its normal hourly rates and disbursement policies, and further agreements, as is more fully set forth in the Application; and upon the Affidavit of Neal L. Wolf, a partner and member of Butler Rubin ("Wolf Affidavit"), which is annexed to the Application as Exhibit A; and the Court being satisfied, based upon the representations made in the Application and the Wolf Affidavit, that Butler Rubin represents or

{00182754 v 1}

holds no interest adverse to the Debtor or its estate as to the matters upon which it is to be engaged and that said firm is disinterested under the meaning of Section 101(14) of the Bankruptcy Code, as that section is modified by Section 1103 of the Bankruptcy Code, and that the employment of Butler Rubin is necessary and would be in the best interests of the Committee and the Debtor's estate; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the Application and Notice of the Application having been given to the Debtor and its counsel, United States Bankruptcy Administrator's Office for the Western District of North Carolina, the Chairperson of the Committee, all other persons who have requested notice prior to the date of the Application, and all required to receive service under Bankruptcy Rule 2002; and it appearing that no other notice is required; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Application is granted effective as of September 3, 2010; and,

2. The compensation to be paid to Butler Rubin for professional services rendered and reimbursement for expenses incurred by it shall be as determined by this Court upon proper application pursuant to Sections 328, 330 and 331 of the Bankruptcy Code and such other procedures as may be fixed by order of this Court.

This Order has been signed electronically.
The Judge's signature and court's seal
appear at the top of the Order.                                  United States Bankruptcy Court

466146v1

2